FIRST NATIONAL·BANK OF WAUBAY, Respondent,
v. LASELL, et al, Appellants.

(217 N. W. 209.)

(File No. 6088. Opinion filed December 31, 1927.)

L. H. *Woodworth*, of Webster, and *M. C. Lasell*, of Aberdeen, for Appellant.

C. C. *Bush*, of Waubay, and *Howard Babcock*, of Sisseton, for Respondent.

MORIARTY, C. This is an action for the conversion of certain grain upon which the respondent, First National Bank of Waubay, claims to have had a valid chattel mortgage lien.

The facts as shown by the record are as follows:

In the year 1919 the appellant S. T. Lasell and one John Tienter entered into a written contract whereby Lasell agreed to

sell to Tienter and Tienter agreed to buy from Lasell a certain half section of land in Day county. The contract is in the ordinary form used in such transactions. It acknowledges the payment by Tienter of $1,000 at the time of the execution of the contract, and provides for eight annual payments of $500 each, payable on September 12th of the years 1920 to 1927, inclusive, and a balance of $15,800 by note, secured by mortgage on the land, payable in 1933.

Tienter went into possession of the land, under the terms of the contract, and had the crops for the years 1920 and 1921, without making the payments due in those years or paying the interest upon the unpaid balance, as provided for in the contract. In the fall of 1922 Lasell took half the crop raised on the land. In September, 1922, Tienter gave the respondent bank a chattel mortgage purporting to cover the entire 1923 crop on the land covered by the contract. At threshing time in the fall of 1923 Lasell took all the flax and one-half of the wheat, oats, and barley grown that year on said land. It is for the value of the grain so taken that the bank sues in this action.

Lasell in his answer and in his evidence claims that he and Tienter had a conversation in the fall of 1921, wherein Tienter said that he could not make the payments on the land, and wanted to cancel the contract, and Lasell agreed that the contract might be canceled and Tienter remain on the land as a tenant; Lasell to have one-half of the crop. And he says that he took one-half of the 1922 crop pursuant to that agreement. And he further testified that he and Tienter had another conversation in the fall of 1922, in which it was agreed that Tienter should farm the land for the season of 1923; Lasell to have one-half of all grain except corn; Tienter to have the free use of 30 acres for corn, and about 70 acres of pasture which was on the place.

Tienter testified on behalf of the respondent bank, and denied that he had any share rental agreement for farming the land, and testified that he occupied the land during 1922 and 1923 under the terms of his contract.

A son of Lasell corroborated Lasell's statement as to the conversation with Tienter in the fall of 1923.

The evidence was taken before a jury, but it was stipulated by the parties that certain special interrogatories should be submitted to the jury, and the court should thereafter make findings of fact and conclusions of law, and enter judgment thereon.

The questions submitted to the jury were:

First. Did Tienter and Lasell, on or about October, 1921, agree that the purchase contract should be canceled? To this the jury answered: "No."

Second. Did Tienter and Lasell, at said time or any time thereafter, enter into an agreement whereby Tienter was to occupy that land and pay as rental to Lasell one-half of the grain raised, and, if so, did Tienter occupy the land under the terms of such agreement for the year 1923? To this the jury answered: "No."

Third. What was the number of net bushels of wheat taken and received by Lasell from the 1923 crop grown on said land? To this the jury answered: "404½ bushels."

The court, treating these verdicts as advisory, made findings that the defendant Lasell had wrongfully converted grain covered by the plaintiff's mortgage as follows: Wheat, 404½ bushels, at 65 cents; flax, 64 bushels, at $2.06; oats, 122 bushels, at 23 cents; barley, 50 bushels, at 34 cents; aggregating in value $439.82; and the court entered judgment in favor of plaintiff in said sum of $439.82.

Appellant moved for a new trial, alleging as grounds therefor errors of the court, insufficiency of the evidence, and newly discovered evidence.

▮ The appellant's brief presents only two points which we deem necessary to discuss in this opinion.

Appellant contends that there is no evidence to support the court's finding that Lasell took 64 bushels of flax worth $2.06 per bushel. In this contention appellant is correct. Lasell's evidence is that he took 64 bushels gross, and the evidence of the thresher who threshed the grain is that 64 bushels of flax was all that he threshed in 1923 on the land in controversy. This, of course, would be 64 bushels gross, and the ticket issued by the elevator to which Lasell delivered the flax shows that it was docked 60 per cent. This would make a difference of $89.21 in the amount of the judgment. And there is no other evidence upon which any findings as to the value of the flax could be made.

Respondent's counsel argue that Lasell admits, both in his answer and in his evidence, that he took 64 bushels of flax, but in each case he specifically stated 64 bushels gross, and he produced the ticket to show the dockage from this gross weight.

On the other hand, Lasell admits that only 32 bushels gross of this flax were his one-half rental share, and that the other 32 bushels gross were turned over to him by Tienter to apply upon Tienter's debt to him. This being true, one-half of this flax was covered by the bank's mortgage, whether Tienter was farming the land as a tenant or as grantee of the contract. These minor errors are mentioned only that they may be avoided in any future trial of the case.

On the question of newly discovered evidence appellant presents the affidavits of five persons besides himself. One of these persons swears that he is the president of the State Bank of Waubay, and was the managing officer of said bank in the fall of 1921, and he says that in said fall of 1921 Tienter gave said bank a chattel mortgage on an undivided one-half interest in the crop to be grown in 1922 on the Lasell land, and that, at the time of executing said mortgage, and at several times thereafter, Tienter stated to him that he (Tienter) had only a one-half interest in said crop.

The other four affidavits state that during the fall of 1922 Tienter stated to each of said affiants, or in his presence, that he (Tienter) had "throwed up" his contract to buy the Lasell land, and was farming it on shares.

Respondent's counsel argue that the evidence set forth in these affidavits is not sufficient to justify a new trial, in that it is merely cumulative, and evidence only to impeach Tienter's evidence given at the trial. The evidence would not be cumulative, for there was no evidence of any admissions by Tienter produced at the trial. The evidence set forth in the affidavits would be admissible to rebut as well as impeach that of Tienter given at the trial, and its admission at a new trial might result in changing the verdict and the findings based thereon.

As to diligence in seeking for this evidence, the appellant's affidavit states that he had no knowledge of any of the facts set forth in the affidavits until after the trial, and that he had no information that would direct his attention to the possibility of discovering that Tienter had made the admissions referred to in the affidavits.

From the peculiar character of the evidence set forth in the affidavits, it is apparent that the appellant could not be held to be

negligent in failing to anticipate that such evidence was procurable, or for failing to make inquiries as to the possibility of Tienter's having made admissions to the particular persons who made these affidavits.

In consideration of the fact that Tienter's evidence was the only evidence disputing that of Lasell and his son as to the rental agreement, and that the evidence as to Tienter's admissions would go far to destroy the force of his evidence given at the trial, we are of the opinion that the learned trial court abused its discretion in denying appellant's motion for a new trial.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.